UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-21380-BLOOM/LOUIS

JODI PIROWSKIN,

      Plaintiff,

v.

ATLANTIC & PACIFIC ASSOCIATION
MANAGEMENT, INC.

      Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

     Defendant, Atlantic & Pacific Association Management, Inc. ("Defendant"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 12(e), hereby moves to dismiss Plaintiff's Complaint.  In support thereof, Defendant states as follows:

**PRELIMINARY STATEMENT**

     Plaintiff, a former employee, filed a three-count Complaint against Defendant alleging the following causes of action: (i) breach of contract for the payment of $5,400 for alleged "unpaid wages/services" (Count I); (ii) *quantum meruit*, as an alternate theory of recovery for the payment of allegedly unpaid compensation (Count II); and (iii) purported retaliation for complaints about alleged unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3) (Count III).

     In support of her breach of contract claim in Count I, Plaintiff claims that Defendant breached an oral agreement "to pay her based on work that she performed for Defendant" in the amount of $5,400 and that "Defendant breached the Agreement by failing and refusing to pay

Plaintiff the sum stated." (Compl. ¶¶ 5-8.)  In Count II, Plaintiff pleads "as an alternative claim to Count I," a claim for *quantum meruit* for allegedly unpaid compensation and asserts that "Defendant would be unjustly enriched if it were allowed to retain the benefits resulting from Plaintiff's work without paying." (*Id.* ¶¶ 17-21.)  In Count III, Plaintiff alleges that she is entitled to damages for retaliation in violation of the FLSA for complaints she purportedly made regarding overtime wages that she asserts Defendant never paid. (*Id.* ¶¶ 23-26.)

The Court should dismiss Plaintiff's Complaint for several reasons.  First, Plaintiff's claims for unpaid compensation in Counts I and II are preempted by the FLSA.  Second, even if not preempted, Plaintiff has not sufficiently pleaded a claim for breach of contract that satisfies the *Twombly*/*Iqbal* pleading paradigm.  Third, Plaintiff has not properly pleaded a claim for *quantum meruit*, as she has not adequately identified a benefit conferred for which she received no compensation.  Finally, Plaintiff's FLSA retaliation claim should be dismissed because Plaintiff has not alleged sufficient facts to assert such a claim.

For all of these reasons, and as set forth more fully below, the Court should dismiss Plaintiff's Complaint in its entirety or, in the alternative, dismiss Counts I and II of the Complaint and require Plaintiff to amend the Complaint to provide a more definite statement as to the nature of her claims.

## ARGUMENT AND SUPPORTING MEMORANDUM OF LAW

### I.    The Standard for a Motion to Dismiss

As the Supreme Court has held, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Indeed, Rule 8 of the Federal Rules of Civil Procedure requires "more than labels and conclusions," and identifies two specific thresholds that the pleader must cross in order to avoid dismissal: (1) a pleader must bridge the gap between the conclusory and the factual; and

(2) a pleader must allege suggestive facts that exceed factual neutrality. *Twombly*, 550 U.S. at 557 n.5. To successfully "nudge[ ] claims across the line from conceivable to plausible," a complaint must contain facts "plausibly suggesting (not merely consistent with)" violations of the asserted causes of action. *Id.* at 570. *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (Rule 8 demands that a plaintiff's claims have "facial plausibility.").

Under *Iqbal,* "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* at 678 (internal citations omitted). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Id.* Plaintiff failed to satisfy this pleading standard and, consequently, her claims should be dismissed.

## II.     The FLSA Preempts Plaintiff's Claims for Unpaid Compensation in Counts I and II

In Counts I and II of the Complaint, Plaintiff claims that Defendant breached an agreement to properly pay Plaintiff for her work (Count I) and unjustly benefited from services provided by Plaintiff for which Plaintiff was not properly paid (Count II). These claims are an attempted end-run around the FLSA's procedures and remedies for alleged violations of its provisions, which requires a finding that the claims are preempted by the FLSA. Indeed, if Plaintiff claims that Defendant owed her any unpaid overtime compensation, the claim must be brought under the FLSA – the law that prescribes such rights.

Courts repeatedly hold that § 216 of the FLSA is the exclusive remedy for enforcing rights created under the statute, especially with regard to allegedly unpaid overtime compensation.[1] *Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV-MORENO, 2014 U.S. Dist.

---

[1]     Claims for implied agreement, *quantum meruit*, and unjust enrichment are available only where there is no adequate remedy at law. *Bule*, 2014 U.S. Dist. LEXIS 95618, at * 8.

LEXIS 95618, at *5 (S.D. Fla. July 11, 2014) (holding that the FLSA precludes efforts to end-run its claims and procedures, dismissing claims for breach of implied agreement, *quantum meruit*, and unjust enrichment (citing *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991))). Indeed, §§ 206 and 207 of the FLSA provides the rights that Plaintiff is attempting to enforce in Counts I and II of the Complaint. *See Tombrello*, 763 F. Supp. at 545.

A plain reading of Plaintiff's two state law causes of action reveals they are both dependent upon finding that Defendant violated one or more provisions of the FLSA. (*See* Compl. ¶¶ 5-9, 14-15, 17-21.) The true nature of the claims in Counts I and II and the relief sought therein is readily apparent from Plaintiff's allegation in Count III that she was retaliated against for complaining about alleged non-payment of overtime compensation. State law claims that seek to enforce FLSA rights are routinely dismissed by the courts. *See Botello v. COI Telecom, LLC*, No. SA-10-cv-305-X2, 2010 U.S. Dist. LEXIS 99790, at *11 (W.D. Tex. Sept. 21, 2010) (finding plaintiff's common law claim preempted by the FLSA because the claim was "predicated on [d]efendant's alleged failure to compensate him for hours worked in excess of 40 hours; a requirement imposed by the FLSA [and] [t]he FLSA provides the exclusive remedy for violation of its mandates and pre-empts Plaintiffs FLSA-based state law claims."); *Farmer v. DirectSat USA, LLC*, No. 08 C 3962, 2010 U.S. Dist. LEXIS 105738, at *40 (N.D. Ill. Oct. 4, 2010) (finding that "the FLSA preempts Plaintiffs' state common law claims of unjust enrichment, *quantum meruit*, and breach of implied contract"). Indeed, Counts I and II of the Complaint do not assert that Plaintiff ***never*** was paid any compensation for her work, but instead alleges that she is owed some form of premium payment of $5,400, *i.e.*, alleged overtime compensation. Plaintiff cannot use the common law to enforce any rights that she may have under the FLSA. As such, because the right to overtime compensation never existed at common

CASE NO. 1:20-cv-21380-BLOOM/LOUIS

law, and it does not exist but for the statutory mandate of the FLSA, the common law claims in Counts I and II are preempted.

Accordingly, Plaintiff should not be permitted to avoid the procedures and substantive rules of the FLSA.  For this reason alone, Counts I and II of the Complaint should be dismissed *with prejudice*.

## III.    Plaintiff Has Not Properly Pleaded a Breach of Oral Contract Claim in Count I

Even if Plaintiff's breach of contract claim for the payment of compensation is not preempted by the FLSA (which Defendant submits that it is), the Court still should dismiss Count I of the Complaint because Plaintiff has not properly pleaded a breach of contract claim. It is black letter law in Florida that to recover for a breach of contract, a plaintiff must plead and prove: (i) the existence of a valid contract; (ii) a material breach; and (iii) damages resulting from the breach.  *Brooks Tropicals, Inc. v. Acosta*, 959 So. 2d 288, 292 (Fla. 3d DCA 2007).  Plaintiff fails to adequately allege any of these elements.

As a preliminary matter, whether a contract exists is an issue of law, not one of fact. *Quaker Oats Co. v. Jewell*, 818 So. 2d 574, 579 (Fla. 5th DCA 2002).  In her Complaint, Plaintiff concedes that the alleged "Agreement" was oral.  (Compl. ¶ 3.)  The creation of a contract, whether written or oral, is subject to the basic requirements of contract law: offer, acceptance, consideration, ***and*** a sufficient specification of essential terms.  *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004).  In other words, the parties must have "mutually assented to a certain and definite proposition and left no essential terms open."  *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 607 F.3d 742, 746 (11th Cir. 2010).  Plaintiff has not met this basic pleading standard.

Plaintiff claims that Defendant entered into a verbal agreement "for the payment of wages/income" and that "Defendant breached the Agreement by failing and refusing to pay" a total of $5,400 to Plaintiff. (Compl. ¶¶ 3, 7-8, 14.) The Complaint is otherwise entirely devoid of any information regarding *who* entered into this alleged contract with Plaintiff, *when* the alleged contract was made, *what* were the essential terms of the alleged contract, *how* Defendant breached the alleged contract, and *when* the contract was breached. Plaintiff's self-serving, conclusory statements that some "Agreement" was breached, without any supporting facts, is grossly deficient and fails to meet Plaintiff's pleading burden under the rules of civil procedure. Moreover, Plaintiff does not identify an employment term or any other essential terms of a contract, and it is thus legally insufficient to state a claim. Indeed, Plaintiff's failure to proffer the essential terms of the alleged oral contract mandates dismissal, as Florida law requires "definiteness and certainty" in the terms of an employment agreement." *See Uphoff v. Wachovia Sec., LLC*, No. 09-80420-CIV, 2009 U.S. Dist. LEXIS 116679, at *8 (S.D. Fla. Dec. 14, 2009) (granting defendant's motion to dismiss plaintiff's breach of contract claim); *Berger v. J. Slagter & Son Constr. Co.*, No. 6:10-cv-191-Orl-31KRS, 2010 U.S. Dist. LEXIS 39442, at *5 (M.D. Fla. Apr. 21, 2010) (dismissing plaintiff's breach of an oral contract claim because of plaintiff's failure to identify the essential terms of an oral contract); *Taste Trackers, Inc. v. UTI Transp. Sols., Inc.*, No. 13-23377-CIV, 2014 U.S. Dist. LEXIS 4413, at *8 (S.D. Fla. Jan. 14, 2014) (granting motion to dismiss a breach of contract claim because plaintiff did not allege "all material terms of the alleged oral agreement"); *Quaker Oats Co. v. Jewell*, 818 So. 2d 574, 578 (Fla. 5th DCA 2002) (quoting *Muller v. Stromberg Carlson Corp.*, 427 So. 2d 266, 268 (Fla. 2d DCA 1983)).

As such, in addition to otherwise being preempted by the FLSA, Plaintiff's claim for breach of an oral contract should be dismissed.  *See PNCEF, Ltd. Liab. Co. v. Highlander Enters., Ltd. Liab. Co.*, No. 09-80974-CIV-DIMITROULEAS, 2010 U.S. Dist. LEXIS 150658, at *6-9 (S.D. Fla. Mar. 2, 2010) (holding that the complaint's failure to state underlying facts showing mutual assent, such as the specific people that negotiated the alleged oral agreement and when the agreement was entered into was insufficient to establish a valid contract existed).

## IV.    Plaintiff Has Failed to Plead a Proper Basis for *Quantum Meruit* Recovery

In a separate attempt to sidestep the exclusive remedy of the FLSA, Plaintiff alternatively claims in Count II of the Complaint that she is entitled to recovery in *quantum meruit*; however, Count II fails to state a claim upon which relief can be granted.[2]  To survive a motion to dismiss on a claim seeking recovery in *quantum meruit*, Plaintiff is required to allege facts showing that "[she] provided, and [Defendant] assented to and received, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it."  *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 305 (Fla. 1st DCA 1999). Plaintiff's Complaint does not identify any benefit that she purportedly bestowed upon Defendant and received no compensation.

---

[2]    Although Count II is entitled "quantum meruit," the allegations in Count II simultaneously appear to seek relief sounding in unjust enrichment, thus confusing the theory under which Plaintiff seeks recovery.  (Complaint ¶ 21.)  While the two claims can operate similarly depending upon the facts of any case, they are analytically distinct from one another. *Quantum meruit* recognizes a contract implied in fact based upon an alleged failure to compensate the plaintiff for services rendered or goods delivered, and unjust enrichment recognizes a contract implied in law, or, a "quasi-contract" that imposes a contractual obligation where none would have existed.  *See Com. P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 385-87 (Fla. 4th DCA 1997) (explaining the distinction between *quantum meruit* and unjust enrichment and highlighting the problems associated with confusing the two theories).

In Count II, Plaintiff complains that she is entitled to payment for services that she rendered on Defendant's behalf for its customers.  (*See* Compl. ¶¶ 18-20.)  The Complaint fails to make clear the particular benefit that Plaintiff purportedly bestowed upon Defendant and for which she received no compensation.  It refers generically to "work," but fails to describe the nature of the "work" that she completed and for which she never was paid.  Noticeably absent from her allegations is whether Defendant purportedly failed to pay her at all, whether Defendant allegedly failed to pay for any "overtime" work that she allegedly completed, or whether some other arrangement allegedly was uncompensated.  (*See generally* Compl.)  Given the threadbare allegations in Count II, Defendant cannot be expected to guess the "work" that Plaintiff believes should warrant recovery in *quantum meruit*.  As such, in addition to being preempted by the FLSA, Count II likewise should be dismissed for failure to state a claim.  *See, e.g.*, *Com. P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 390 (Fla. 4th DCA 1997) (finding that no recovery was permitted for *quantum meruit* or quasi contract without identifying precisely the benefit that the defendant received and never compensated the plaintiff).  *See also, e.g.*, *Griffin v. GMAC Commer. Fin., L.L.C.*, No. 1:05-CV-199-WBH-GGB, 2006 U.S. Dist. LEXIS 48599, at *22-24 (N.D. Ga. July 18, 2006) (denying motion for leave to amend complaint to add unjust enrichment claim where "performance of plaintiff[']s job was part of the consideration for defendant's promise to pay a particular salary (with no particular bonus), [thus] 'he cannot also recover the value of his continued employment through a *quantum meruit* claim.'") (citations omitted).

**V.      Plaintiff's FLSA Retaliation Claim Is Founded on Bare Legal Conclusions that Fail to Meet Applicable Pleading Standards.  Alternatively, Count III Requires a More Definite Statement from Plaintiff in Accordance with Rule 12(e)**

Count III of the Complaint purports to assert a claim of retaliation in violation of the FLSA, but Plaintiff fails to allege the required elements.  "To prove retaliation [in violation of

the FLSA], a plaintiff must ultimately show: (i) "she engaged in activity protected under [the] act;" (ii) "she subsequently suffered adverse action by the employer;" and (iii) "a causal connection existed between [her] activity and the adverse action." *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 648 (11th Cir. 2019) (quoting *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000)). *See also Perez v. Garcia*, No. 15-20615-CIV-O'SULLIVAN, 2016 U.S. Dist. LEXIS 180301, at *2 (S.D. Fla. Dec. 30, 2016) (outlining the elements of a *prima facie* case of FLSA retaliation). While Plaintiff does allege that her employment was terminated, she nevertheless fails to plead facts supporting a *prima facie* case of retaliation.

To constitute actionable retaliation under the FLSA, Plaintiff must plead and prove that she made it sufficiently clear to Defendant that she was asserting her rights under the FLSA and was "calling for the protection of those rights." *See, e.g.*, *Miller v. Roche Sur. & Cas. Co.*, 502 Fed. Appx. 891, 894 (11th Cir. 2012). Here, Plaintiff declares that she complained to some unspecified person about receiving overtime compensation, but she does not provide any further details about the purported complaint. Plaintiff omits information regarding whether the complaint was submitted in writing or orally, to whom the complaint allegedly was submitted (*i.e.*, whether the complaint was submitted to any member of Defendant's management), or even when the complaint allegedly was submitted. The Complaint simply fails to put forward enough facts to show that Plaintiff engaged in any protected activity, which leaves Defendant unable to respond.

Moreover, concerning the element of causation, Plaintiff's supporting facts are equally, if not more, scant. The Complaint vaguely mentions that she allegedly complained about overtime compensation "shortly before" Defendant allegedly "violated the FLSA" by terminating her employment. From those bare allegations, Plaintiff expects that an inference of retaliation would

arise. A well-pleaded complaint requires "more than labels and conclusions" and must meet the following threshold requirements to survive a motion to dismiss, Plaintiff must: (i) bridge the gap between the conclusory and the factual; and (ii) allege suggestive facts that exceed factual neutrality. *Twombly*, 550 U.S. at 557 n.5. As such, to "bridge the gap" for purposes of creating an inference of retaliation, Plaintiff must present facts in the Complaint that show that her alleged complaint about overtime compensation was the ***but-for*** cause of the termination of her employment. *Fernandez v. Winn-Dixie Stores, Inc.*, No. 17-cv-60322, 2018 U.S. Dist. LEXIS 11015, at *18 (S.D. Fla. Jan. 24, 2018) (explaining that a *prima facie* case of FLSA retaliation requires a showing that but-for the protected activity the adverse employment action would not have been taken). *See also Gombos v. Cent. Mortg. Co.*, No. 10-81296-CIV-MARRA/JOHNSON, 2011 U.S. Dist. LEXIS 21413, at *5 (S.D. Fla. Mar. 3, 2011) ("a pleading is insufficient if a defendant does not know the basic facts that constitute the claim for relief against it. Such detail should not be left to discovery, for the purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists.") (internal citations omitted).

Because Count III consists of nothing more than threadbare allegations and legal conclusions, Plaintiff's FLSA retaliation claim should be dismissed for failure to state a claim upon which relief can be granted. Alternatively, in light of the significant factual gaps in Count III outlined above, Defendant requests that Plaintiff be required to make a more definite statement of her allegations in Count III.

## CONCLUSION

Plaintiff's attempt to end-run the FLSA in Counts I and II fails because Plaintiff's claims under Florida common law are preempted by her claims under the FLSA. Moreover, she

otherwise has failed to plead sufficient facts to state actionable claims against Defendant for breach of an oral contract or for recovery in *quantum meruit*.  In turn, Plaintiff's allegations of alleged FLSA retaliation are too conclusory and provide insufficient factual detail to permit Defendant to respond properly, thus warranting dismissal.  In the alternative, Defendant moves for a more definite statement as to Count III.

WHEREFORE, Defendant, Atlantic & Pacific Association Management, Inc., respectfully requests that this Court grant this Motion to Dismiss, dismissing the allegations against Defendant, *with prejudice*, in addition to granting such other and further relief as the Court deems just and appropriate.  Alternatively, Defendant moves for dismissal of Counts I and II of the Complaint and to order Plaintiff to provide a more definite statement as to Count III.

Dated: April 7, 2020

Respectfully submitted,

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  305-577-7600

*s/ Scott S. Allen*
Scott S. Allen, Esq.
Florida Bar No. 143278
E-mail: *scott.allen@jacksonlewis.com*
Shayla N. Waldon Esq.
Florida Bar No. 105626
E-mail: *shayla.waldon@jacksonlewis.com*

*Counsel for Defendant*

CASE NO. 1:20-cv-21380-BLOOM/LOUIS

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document is being served on

April 7, 2020, on all counsel of record on the Service List below via transmission of Notices of

Electronic Filing generated by CM/ECF.

*s/ Scott S. Allen*
Scott S. Allen, Esq.

<u>**SERVICE LIST**</u>

Lawrence J. McGuinness, Esq.
E-mail: *ljm@ljmpa.com*
MG LEGAL GROUP, P.A.
3126 Center Street
Coconut Grove, Florida 33133
Telephone: (305) 448-9557

*Counsel for Plaintiff*

Scott S. Allen, Esq.
E-mail: *scott.allen@jacksonlewis.com*
Shayla N. Waldon Esq.
E-mail: *shayla.waldon@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*