UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-21380-BLOOM/Louis

JODI PIROWSKIN,

     Plaintiff,

v.

ATLANTIC & PACIFIC ASSOCIATION
MANAGEMENT, INC.,

     Defendant.

_____/

## ORDER ON MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Atlantic & Pacific Association Management, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint, ECF No. [7] ("Motion"). Plaintiff Jodi Pirowskin ("Plaintiff" or "Pirowskin") filed a Response, ECF No. [12] ("Response"), to which Defendant filed a Reply, ECF No. [15] ("Reply"). The Court has carefully considered the Motion, the Response and Reply, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I.  BACKGROUND

This case arises as a result of allegedly unpaid wages or compensation. In the Complaint, ECF No. [1], Plaintiff asserts that she and Defendant entered into a verbal[1] agreement ("Agreement") for the payment of wages/income in exchange for Plaintiff's work related to leasing certain improved real estate. According to Plaintiff, she fully performed her portion of the Agreement by performing services for which Defendant was paid, or will be paid, by third parties. As alleged in the Complaint, Defendant has breached the Agreement and owes Plaintiff at least

---

[1] By verbal, the Court assumes that Plaintiff means an oral, as opposed to a written, contract.

$5,400.00 in unpaid wages/services, plus interest.

Plaintiff asserts three claims against Defendant: breach of agreement (Count 1), *quantum meruit* (Count 2), and retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiff by filing her Complaint in Florida state court and Defendant thereafter removed the case to federal court on March 31, 2020, on the basis of this Court's federal question jurisdiction. Defendant now moves to dismiss the Complaint.

## II.    LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F.

Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

## III.    DISCUSSION

In the Motion, Defendant argues that Counts 1 and 2 of the Complaint are preempted by the FLSA, and if not preempted, they fail to sufficiently allege either a breach of contract or *quantum meruit*. In addition, Defendant argues that the FLSA retaliation claim in Count 3 fails to allege sufficient facts to state a claim. Defendant seeks dismissal of the Complaint in its entirety. Alternatively, Defendant argues that Counts 1 and 2 should be dismissed and the Court should require a more definite statement with respect to Count 3.

In response, while Plaintiff argues that the Motion lacks merit legally and factually, she attempts to clarify the basis of her claims, representing to the Court that the sole basis for Counts 1 and 2 is pursuant to Florida state law. Plaintiff further contends that she is not asserting duplicative FLSA claims for wages owed such that the claims would be preempted by the FLSA. Plaintiff requests an award of attorney's fees for having to respond to the Motion.

At the outset, the Court notes that it is improper to clarify or amend claims in response to a motion to dismiss. The Eleventh Circuit has "repeatedly [ ] held that plaintiffs cannot amend their complaint through a response to a motion to dismiss." *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x. 657, 665 (11th Cir. 2015) (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)); *see also Tsavaris v. Pfizer, Inc.*, No. 1:15-cv-21826-KMM, 2016 WL 375008, at *3 (S.D. Fla. Feb. 1, 2016) ("A plaintiff, though, cannot amend the complaint in a response to a motion to dismiss, for a court's review on dismissal is limited to the four corners of the complaint.") (citing

*St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Moreover, as set forth below, the Complaint falls woefully short of satisfying federal pleading standards.

### A.  Counts 1 and 2 are preempted by the FLSA

The basis of Counts 1 and 2 of the Complaint is that Defendant failed to pay Plaintiff for work that she performed for Defendant. As pleaded, Plaintiff is seeking relief for unpaid wages. However, "[a]s a matter of law, a plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to a FLSA claim." *Bule v. Garda CL SE, Inc.*, No. 14-21898-CIV, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) (citation and alterations omitted). While Plaintiff has conspicuously not alleged a FLSA claim for unpaid wages, the fact remains that "[s]ection 216 of the FLSA is the exclusive remedy for enforcing rights created under the Act." *Id.* And "[c]ourts dismiss duplicative state law common law claims where they rely on proof of the same facts." *Id.* (collecting cases). Thus, if Plaintiff intends to plead claims in Counts 1 and 2 that would remove such claims from the purview of the FLSA, she must do so by clearly alleging relevant supporting facts in her pleading.[2]

### B.  The Complaint fails to state a claim for breach of contract

Even if Plaintiff's claims were not preempted by the FLSA, Counts 1 and 2 are nevertheless insufficiently pleaded. To state a claim for breach of contract, a plaintiff must plead the existence of a contract, a material breach, and damages. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004) (citing *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 302 (Fla. 1st DCA 1999)). In addition, to state a cause of action for

---

[2] The Court notes, however, that the amount Plaintiff claims to be owed is well below this Court's jurisdictional threshold.

breach of an oral contract, a plaintiff must allege that the "parties mutually assented to 'a certain and definite proposition' and left no essential terms open." *W.R. Townsend Contracting,* 728 So. 2d at 300 (quoting *Jacksonville Port Auth. v. W.R. Johnson Enterps., Inc.,* 624 So. 2d 313 (Fla. 1st DCA 1993). Here, the only facts alleged with respect to the Agreement between Plaintiff and Defendant are that they entered into a "verbal" agreement in Miami-Dade County for the payment of wages/income based on work that Plaintiff performed for Defendant in leasing certain improved real property, that Defendant breached the Agreement by failing to pay her, and that she was damaged as a result. The Complaint fails to allege facts with respect to the formation or terms of the Agreement, and therefore, Count 1 fails to adequately state a claim for breach of an oral contract.

### C.  The Complaint fails to properly state a claim for *quantum meruit* in the alternative

Though styled as a claim for *quantum meruit*, it is unclear whether Plaintiff intends to assert a claim arising from a contract implied in fact (*quantum meruit*), or a contract implied in law (unjust enrichment) in Count 2. The distinction is not without a difference. "A contract implied in fact is not put into promissory words with sufficient clarity, so a fact finder must examine and interpret the parties' conduct to give definition to their unspoken agreement." *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc.*, 695 So. 2d 383, 385 (Fla. 4th DCA 1997).

> A contract implied in law, or quasi contract, is not based upon the finding, by a process of implication from the facts, of an agreement between the parties. A contract implied in law is a legal fiction, an obligation created by the law without regard to the parties' expression of assent by their words or conduct . . . . Because the basis for recovery does not turn on the finding of an enforceable agreement, there may be recovery under a contract implied in law even where the parties had no dealings at all with each other. This is unlike a contract implied in fact which must arise from the interaction of the parties or their agents.

*Id*. (internal citation omitted). Here, Plaintiff asserts that Count 2 is an alternative equitable claim to Count 1, should the Court determine that no legal agreement existed between the parties. Thus,

it appears that Plaintiff intends to assert a claim for unjust enrichment. To that extent, Count 2 fails to state an adequate claim.

To state a claim for unjust enrichment under Florida law, a party must allege "a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334, 1341 (S.D. Fla. 2012) (quoting *Ruck Bros. Brick, Inc. v. Kellogg & Kimsey, Inc.*, 668 So. 2d 205, 207 (Fla. 2d DCA 1995)). Moreover, where a complaint alleges an express agreement, and reincorporates those allegations, a claim for unjust enrichment has not been properly pleaded in the alternative. *Am. Marine Tech*, *Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1083 (S.D. Fla. 2019); *see also In re Managed Care Litigation*, 185 F. Supp. 2d 1310, 1337 (S.D. Fla. 2002) ("An unjust enrichment claim can exist only if the subject matter of that claim is not covered by a valid and enforceable contract."). Here, Count 2 reincorporates the scant factual allegations concerning the Agreement, so the unjust enrichment claim is not properly pleaded in the alternative. As such, Count 2 fails to sufficiently allege a claim for unjust enrichment.

### D.  The Complaint fails to state a claim for FLSA retaliation

Defendant argues that Plaintiff fails to allege the elements required to state a claim for FLSA retaliation. It is unlawful for a business covered by the FLSA to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3). "A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: "(1) she engaged in activity

protected under [the] act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.,* 200 F.3d 1337, 1342-43 (11th Cir.2000). Defendant contends that Plaintiff has not pleaded to whom she complained and fails to provide any further details about when or how her complaint was submitted.

The Court notes again that the Complaint fails to clearly set forth the nature of Plaintiff's claim. In the Complaint, Plaintiff reincorporates the allegations in paragraphs 1 through 5, concerning the oral agreement and Defendant's failure to pay her wages. However, in attempting to assert the FLSA retaliation claim, Plaintiff asserts in addition that she was not being paid overtime. This ambiguity alone is sufficient to warrant dismissal.

In addition, the retaliation provision of the FLSA makes it unlawful for an employer "to discharge . . . any employee because such employee has *filed* any complaint or *instituted* or caused to be instituted *any proceeding* under or related to this chapter . . . ." 29 U.S.C. § 215(a)(3) (emphasis added). "In demonstrating causation, the plaintiff must prove that the adverse action would not have been taken 'but for' the assertion of FLSA rights." *Wolf*, 200 F.3d at 1343. In the Complaint, Plaintiff alleges only that shortly before she was fired, she "complained" to Defendant that she was owed overtime, that it was illegal for Defendant not to pay her, and that in response to those "complaints," she was fired in violation of the FLSA. Not only does the Complaint fail to set forth allegations regarding a sufficient "complaint" to implicate the FLSA retaliation provision, but it also fails to set forth any facts giving rise to a plausible inference that her "complaints" were the but-for cause of her discharge. Therefore, Defendant is entitled to dismissal of Plaintiff's claim asserted in Count 3.[3]

---

[3] Because Count 3 is dismissed, the Court does not address Defendant's alternative argument that Plaintiff should be required to provide a more definite statement.

Case No. 20-cv-21380-BLOOM/Louis

## IV.    CONCLUSION

Accordingly, Defendant's Motion, **ECF No. [7]**, is **GRANTED**. The Complaint, ECF No.

[1], is **DISMISSED WITHOUT PREJUDICE** and with leave to amend. Plaintiff may file an

amended complaint, **on or before May 22, 2020**. Plaintiff's request for attorney's fees is denied.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 11, 2020.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record